Mariana de Jesús Padilla, Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 749. Submitted March 5, 1929.—Decided May 2, 1929.

*Nazario & García Méndez* for the appellant.

Mr. Justice Texidor delivered the opinion of the court.

In this appeal is exhibited a copy of the opinion and judgment in civil action No. 3148, Mariana de Jesús Padilla against Ignacio Soltero for the recovery of real property brought in the Municipal Court of San Germán. It appears therefrom that the complaint contained the following prayers: 1. That the plaintiff be adjudged heiress of Blas Padilla and the sole owner of the property left by him at his death. 2. That the court recognize the plaintiff's right to have the said property delivered to her. 3. That the court confirm the plaintiff's right to receive as indemnity one hundred and twenty dollars for profits not received. 4. That the plaintiff be allowed the costs and expenses.

Of this complaint the notice mentioned in section 91 of the Code of Civil Procedure was given.

The Municipal Court of San Germán rendered judgment sustaining the complaint and the defendant appealed; but he abandoned his appeal and the case was remanded to the court of its origin. Then the plaintiff presented to the registrar

of property a petition, accompanied by certified copies of the final judgment and the motion for and order of dismissal, for the conversion into a record of the cautionary notice entered in the case. The registrar denied the petition and entered the statutory cautionary notice. His decision reads as follows:

"The conversion sought in the present document which is presented together with others is refused and a cautionary notice is en-tered instead for the statutory 120 days in the name of the plaintiff Mariana de Jesús Padilla, on folio 209 back of vol. 87 of this municipality, property No. 3677, entry letter 'c', because although the entry of the notice of said complaint was sought and secured under the provisions of section 91 of the Code of Civil Procedure which is likened in its essence and finality to art. 42 of the Mortgage Law and art. 91 of the Regulations for its application; but it is likewise true that such entry is at present without legal effect and therefore is of no avail for the purpose of a conversion into final record for the following reasons: First.—(a) Because as appears from the documents presented in this registry and marked 1 the action was finally decided in the District Court of Mayagüez on November 27 ult. on a motion filed by the plaintiff through her attorney to dismiss the appeal taken to said court from the judgment rendered in the premises by the municipal court of this town on March 26 of last year. (b) Because it appears from the books of the registry and from the said document presented that it was after the termination of the said action in the said district court through the withdrawal of the appeal that the entry was made of the cautionary notice of the complaint which led to the judgment appealed from, by virtue of the document presented on the 3rd of last December, entry No. 244 of vol. 75 of the Day Book, for, although it appears from the registry that the entry of the notice of the complaint in the present case had been previously requested on two occasions, it was refused on one occasion and on the other it was withdrawn by the party presenting the same, a new presentation having taken place as appears from the Day Book 75 above mentioned, entry No. 244 of December 3rd ult., the said complaint having been entered on folio 206 of vol. 87 of this city, at the margin of the first record of the property above mentioned. The proper procedure in the present case is the execution of the judgment and not a conversion into record of the entry of the notice of the complaint. Second.—Because, as one of the causes of

action of the plaintiff Mariana de Jesús Padilla is based on her character as heiress of Blas Padilla Torres, the municipal court of this city acted without jurisdiction in declaring as sole and universal heiress of the said Blas Padilla his daughter Mariana de Jesús Padilla, the plaintiff herein, which is a legal conclusion which can only be reached by district courts, because such historical and juridical fact could only have been embodied in the complaint with the documents and other evidence presented therewith for a general determination of the case.''

The first question to be answered is whether or not the Municipal Court of San Germán had jurisdiction. If the prayer of the complaint had been for a designation of heirs in general terms there would have been no doubt that the court was without jurisdiction; but although the prayer is not well presented, that is not the case. The legal doctrine in this respect has been clearly determined by this court in the cases of *Morales* v. *Landrau et al.,* 15 P.R.R. 763, and *Soriano et al.* v. *Rexach,* 23 P.R.R. 531.

In the first of these cases the court held as follows:

''Furthermore, if in accordance with the provisions of section 665 of the Civil Code, the rights to the succession of a person are transmitted from the moment of his death, and according to section 669 of the said Code, the heirs succeed the deceased in all his right and obligations by the mere fact of his death, it is logical to deduce that for the establishment of the right of succession alleged in the complaint with relation to Petrona and Dolores Morales Oquendo, the certificates of their deaths could be presented at the trial.

''The plaintiffs, having based their action among other facts on their capacity of heirs of Angel Oquendo, without such fact having been admitted by the defendants, they had the right to establish such capacity in this action without the necessity of having recourse therefor to the act relating to special proceedings, although such proof can only be valid and efficient with relation to the defendants in the specific case under consideration, because for general purposes, or when it is sought to obtain a declaration of heirs, which has not been applied for in this action, the provisions of chapter three, of title one, of the act relating to special proceedings, which establish the mode and form of obtaining such declaration, would have to be observed.''

And in the case of *Soriano et al.* v. *Rexach* the court said:

"And by way of supplement to the paragraph last above quoted we may add that unless some element of time and memory or other exceptional circumstance is involved, there would seem to be no sound reason why documentary evidence submitted to, inspected, and passed upon by opposing counsel before its admission, and oral testimony given at the trial upon the merits as between the adverse interests of contending parties, under keen judicial scrutiny sharpened by the struggle between contesting litigants, and subjected to the crucial test of cross examination, should not be regarded as having more intrinsic weight and real probative value and therefore as being even better evidence of the ultimate fact than the mere certified copy of a decree entered in an *ex parte* proceeding for designation of heirship wherein there is no equally alert opposition to the admission of documents and only the parties interested in establishing the fact and their witnesses are examined by their attorney and possibly by the court, but without any participation whatsoever by an adversely interested party."

And the following is from the case of *Cerezo* v. *Rivera,* 35 P.R.R. 491:

"The alleged want of jurisdiction in the district court is presented as the necessary result of a supposed lack of jurisdiction in the municipal court. The jurisdiction of the municipal court is assailed upon the ground that a special proceeding for a declaration of heirship can be instituted only in the district court.

"The answer to this suggestion in the absence of anything more persuasive than a statement of the premise involved and of the conclusion sought to be drawn therefrom may be found in the fact that the present action is not primarily or in any general or ordinary sense a proceeding for a decree of heirship. The question of heirship herein was an incidental issue and was determined only as between plaintiff and defendant in order to establish a necessary link in plaintiff's chain of title."

On this question the decision of the registrar is erroneous.

The appellant maintains that in accordance with article 142 of the Regulations for the Execution of the Mortgage Law the cautionary notice can be converted into a final record on acquisition of the annotated right by the person

in whose favor the cautionary notice had been entered, citing the cases of *Dávila* v. *Registrar*, 24 P.R.R. 660; *Alvarez* v. *Quilichini*, 24 P.R.R. 149, and *Cerezo* v. *Rivera*, 35 P.R.R. 491.

The Mortgage Law and its Regulations constitute a harmonious whole, with precepts interrelated in such form that the infringment of one of them rebounds and is felt by the whole organism and the application of one of them affects the others.

Article 42 of the Mortgage Law supplies the necessity of publicity jointly with that of legality in matters of acts and contracts which, by reason of their own nature or of special circumstances that affect their extrinsic form, or by lapse of time, or reasons affecting the registry, can not be recorded in the registry finally and conclusively. In this respect Galindo and Escosura have expressed themselves as follows:

"Cautionary notices are entries of a provisional nature made in the books of the registry containing titles which affect ownership which because they lack some of the legal requirements or for any other cause, can not be recorded; judicial claims of ownership and other real rights; cautionary and provisional obligations affecting property, and the lack of capacity on the part of the owner to dispose of it until the time when, the defects having been cured, the claims settled, the liability determined and the capacity or incapacity of the owner established, the provisional entry may become final or be canceled."

In our registry system, if its principles be strictly followed, there would be no room for anything of a transitory and temporary nature, nor could the books of the registry contain anything referring to rights or obligations of a personal nature. But the fact is that many of the personal obligations are reflected in the real property, or are determined in a manner affecting it, and that rights apparently of a transitory nature have a final solution which affects the real property. And as both of them, by virtue of the hypothecary system to which our law is adjusted, can not be

admitted immediately to record in the registry, the problem has been solved by introducing the cautionary notice during the effects of which the deed can be cured of its defects, or the right declared, or be given a final form as is the case in cautionary notices entered by reason of defects or in those of claims of ownership or other real right, or that of a legacy, or that of agricultural financing.

Subdivision 1 of article 42 of the Mortgage Law reads as follows:

"Art. 42. The following may request the entry of cautionary notices of their respective rights in the proper public registry:

"1. He who brings an action to recover the ownership of real property or the constitution, declaration, modification or extinction of any real right."

And in connection with that precept article 43 of the same Law says:

"Art. 43. In the case of subdivision 1 of the preceding article, a cautionary notice can not be entered except under an order of the court made on motion of a legitimate party and by virtue of a document sufficient therefor in the discretion of the court."

It is to be observed from article 42 that the cautionary notice is granted in favor of one who brings an action to recover *ownership,* or for the constitution, declaration, modification or extinction of another *real right.* There is evident justification for the cautionary notice to secure the effectiveness of a prospective decision in regard to a *real right.* In this respect the precept goes no further. It is limited to the possible existence of a real right referring to real property and does not take into account personal property or rights of a purely personal nature, which are subject to other subdivisions of the article, as the 2nd, the 3rd and the 4th.

In *Manrique de Lara* v. *Registrar of San Germán,* 23 P.R. R. 803, this court quoted literally section 91 of the Code of Civil Procedure as follows:

"In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the

defendant at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby.''

It was said in the same opinion:

''As will be seen, the English version does not exact as a condition for recording a notice of the complaint or answer that the plaintiff or defendant, as the case may be, pray that he be adjudged the owner of the property sued for; but, according to said version, it is sufficient that the action affect the title or the right of possession of real property.''

There may be seen at a glance the difference between that section and the article of the Mortgage Law cited. The cautionary notice requires that the action be to recover ownership or any real right. The notice to the registry requires, in the case of section 91, that the action should affect the title or right of possession, without the possibility of determining the exact meaning of the verb ''to affect'' nor the period or time referred to in the section. The cautionary notice of the Mortgage Law requires the intervention of the judge as a stronger guarantee. In the case of a proceeding the will of the party determines. In regard to the cautionary notice involved herein, article 126 of the Regulations completely establishes the best form of notice to everybody. For the notice, according to the procedural law, a marginal note is sufficient. For the cautionary notice in the present case the guarantee mentioned in article 91 of the Regulations for the Execution of the Mortgage Law is sufficient; in the case of the notice under the procedural law no guarantee is required.

For the purpose of notice both systems produce the desired effect, but one of them is more firm, formal and certain. Apart from that there is between them a difference worth taking into consideration.

The cases of *Dávila* v. *Registrar of Humacao,* 24 P.R.R.

660, and *Alvarez* v. *Quilichini,* 24 P.R.R. 149, have been cited. The subject of the latter case is a cautionary notice by reason of the registry (there is no record or title of the property) which was effective for 120 days which, as it appears, had expired. In the former case, *Dávila* v. *Registrar, supra,* mention is made of a cautionary notice of a complaint to recover the possession and ownership of real property, and of its effects under article 71 of the Mortgage Law.

The facts in these cases were not equal or similar to those in this case; nor is any declaration made in the decisions therein of notice of the complaint or the entry to be made thereof in the registry of property.

In the dissenting opinion in *Jordán* v. *Gómez et al.,* 18 P.R.R. 149, it was said:

"The entry made in the registry of the notice of the pendency of an action affecting the title or right of possession of real property can have no effect other than that established in section 91 of the Code of Civil Procedure, to wit, that the purchaser or encumbrancer of the property in litigation is deemed to have constructive notice of the pendency of the action against the parties designated in the notice.

"Such entry is essentially the same as that of the cautionary notice of the pendency of an action claiming ownership of real property or property rights referred to in the first subdivision of article 42 of the Mortgage Law, and, consequently, the effect of both notices must be identically the same."

It is not deduced from these words that notice of the complaint may produce each and every effect of the notice of the complaint to recover ownership established in subdivision 1 of article 42 of the Mortgage Law. On the contrary, it *"can have no effect other than that established in section 91 of the Code of Civil Procedure"* (italics ours), that is, to give notice to any purchaser or lienor of the pendency of an action affecting the title or possession. If such is the case, there is no reason for reading into the notice referred to in section 91 of the Code of Civil Procedure an effect, like that of conversion, which does not appear from the said statute

and which is bestowed by the Mortgage Law on certain notices supported by more solid gurantees and appearing from the registry in another and more specified manner than the former.

Apart from that there is a title, viz., the judgment award, which is recordable. It is true that in the case of the lawful cautionary notice of the Mortgage Law a conversion can be made, provided a declaration of ownership is obtained, in accordance with article 142 of the Regulations for the Execution of Mortgage Law; but the fact is that from a cautionary notice in the registry containing the names of the parties to the action the object thereof and a description of the property sued for, the requirements of article 142 can not be extracted, or, at least, it would be extremely difficult to do so. This is from a practical point of view.

We understand that the precept contained in subdivision 1 of article 42 of the Mortgage Law has not been repealed either expressly or impliedly. There is still another form of public notice—that of section 91 of the Code of Civil Procedure. But this does not repeal the cautionary notice of real rights whose effects have a wider scope than that of the procedural law.

The decision appealed from must be affirmed as to the conversion and reversed in that part which affects the jurisdiction of the municipal court.